**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**VICTORIA A. CORKERN, ET AL.**                    **CIVIL ACTION**
                                                    **NO. 11-1828**

**VERSUS**                                          **SECTION "H"**
                                                    **MAGISTRATE (5)**

**HAMMOND CITY ET AL.**                             **JUDGE MILAZZO**


**ORDER & REASONS**

      Before the Court are Defendants Mayson Foster and Hammond City's Motion to Sever, (Doc. 43), and Defendant Roddy Devall's same Motion to Sever (Doc. 45) (collectively "Defendants' Motions to Sever"), as well as Defendants Foster and Hammond City's Motion for Partial Dismissal, (Doc. 44), and Defendant Devall's same Motion for Partial Dismissal (Doc. 46) (collectively "Defendants' Motions for Partial Dismissal").

      For the following reasons, **IT IS ORDERED** that Defendants' Motions to Sever are **DENIED**. **IT IS FURTHER ORDERED** that Defendants' Motions for Partial Dismissal are **GRANTED IN PART** and **DENIED IN PART**.

1

**BACKGROUND**

Plaintiffs Victoria and Kenneth Corkern are married and jointly filed suit on July 28, 2011 against their employer, the City of Hammond ("City"), Hammond Police Chief Roddy Devall ("Devall"), and the Mayor of the City of Hammond, Mayson Foster ("Foster"). Plaintiffs allege gender and age discrimination, retaliation, violation of Plaintiffs' constitutional freedom of expression, and reprisal in violation of La. R.S. § 23:967.

Victoria Corkern ("Victoria") and Kenneth Corkern ("Kenneth") are both employed by the City of Hammond, Louisiana Police Department. Victoria serves with the rank of Lieutenant and Kenneth with the rank of Assistant Chief of Police. (Doc. 33, ¶¶ 1-2.) Plaintiffs contend that Kenneth's filing of a formal complaint with the Hammond Fire and Police Civil Service Board ("Board") on October 7, 2008 infuriated Police Chief Devall and that this action set in motion a series of retaliatory acts against Kenneth and Victoria. (*Id.* at ¶¶ 15-16.) Plaintiffs allege that Devall engaged in a systematic pattern and practice of illegal discrimination and retaliation against Plaintiffs, and that the Mayor and City supported these actions. (*Id.* at ¶ 95.)

Plaintiffs filed the Complaint on July 28, 2011. (Doc. 1.)  All Defendants filed Motions for Partial Dismissal and Motions to Sever, which were denied as moot after the First Amended Complaint was filed on November 8, 2011. (Doc. 33.) Defendants Hammond City and Foster then filed a Motion to Sever Claims Alleged in First Amended Complaint on December 6, 2011, (Doc. 43), as did Defendant Devall on December 7, 2011. (Doc. 45.) Plaintiffs filed their Response on December 12, 2011. (Doc. 47.)

Defendants Hammond City and Foster also filed a Motion for Partial Dismissal of First

2

Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on December 6, 2011, (Doc. 44), and Defendant Devall filed his Motion on December 7, 2011 (Doc. 46).  Plaintiffs filed their Response on December 12, 2011. (Doc. 48.) The Court took the Motions under submission on December 21, 2011.

## LAW & ANALYSIS

*I. Motions to Sever*

Defendants Foster and Hammond City filed a Motion to Sever Claims Alleged in First Amended Complaint. (Doc. 43.) Defendant Devall also filed the same Motion. (Doc. 45.)

a) Legal Standard

Rule 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.  "Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). "Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Id*. Generally, if both prongs are met, "permissive joinder of plaintiffs . . . is at the option of the plaintiffs . . . ." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995).

The district court, however, does have "the discretion to sever an action [under Rules 20 and 21] if it is misjoined or might otherwise cause delay or prejudice," *Applewhite,* 67 F.3d at 574,

but the Supreme Court has emphasized that "the impulse [under the Rules] is toward entertaining

the broadest possible scope of action consistent with fairness of the parties; joinder of claims,

parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715,

724 (1966).

> When determining whether claims should be severed a district court may
> consider the following factors: (1) whether the claims arose out of the same
> transaction or occurrence; (2) whether the claims present common questions of law
> or fact; (3) whether settlement or judicial economy would be promoted; (4) whether
> prejudice would be averted by severance, and (5) whether different witnesses and
> documentary proof are required for separate claims.

*Kreger v. General Steel Corp.*, No. 07-575, 2011 WL 1594839, at *2 (E.D. La. April 25, 2011).

"[T]he transaction/occurrence requirements prescribed by Rule 20(a) are 'not rigid tests'

and 'are to be read as broadly as possible whenever doing so is likely to promote judicial

economy.'" *Terrebonne Parish School Board v. Texaco, Inc.*, No. 98-0115, 1998 WL 160919, at*2

(E.D. La. April 3, 1998) (quoting Wright and Miller, *Federal Practice and Procedure*, 2nd ed., § 1653).

"Transactions or occurrences satisfy the series of transactions or occurrences requirement of Rule

20(a) if there is some connection or logical relationship between the various transactions or

occurrences." *Americans For Fair Patent Use, LLC v. Sprint Nextel Corp.*, No. 10-237, 2011 WL

98279, at *3 (E.D. Tex. Jan. 12, 2011). Claims are said to be "logically connected when the likelihood

of overlapping proof and duplication of testimony indicates that separate trials would result in

delay, inconvenience, and added expense to the parties and the court." *Hanley v. First Investors

Corp.*, 151 F.R.D. 76, 78 (E.D. Tex. 1993). Additionally, "allegations of a 'pattern or practice' of

discrimination may describe such logically related events and satisfy the same-transaction

requirement." *Porter v. Milliken & Michaels, Inc.*, No: 99-0199, 2000 WL 1059849, at *1 (E.D. La.

2000).

      b) <u>Analysis</u>

Defendants argue that Plaintiffs' claims have been improperly joined under Rule 20 because they do not involve the same transaction or occurrence. Additionally, they contend that severance is proper because of the substantial likelihood of prejudice and juror confusion inherent in the joint claims. Plaintiffs, on the other hand, argue that their claims are intertwined, arise out of the same series of occurrences, and demonstrate a pattern of discriminatory and retaliatory acts which involve both Plaintiffs.

The Court finds that Plaintiffs' claims satisfy Rule 20 as they arise from the same series of occurrences. This case involves claims by two employees of the same employer, both working for the Hammond Police Department, and alleging retaliatory and discriminatory acts committed by the same actors. While Defendants are correct that only Victoria alleges age and gender discrimination, "the standard is whether '*any* question of law or fact' is common to all [P]laintiffs, not whether *all* questions are identical." *Perez v. Grupo TMM, S.A.B.*, No. 09-136, 2009 WL 926991, at *4 (S.D. Tex. April 1, 2009) (quoting Fed. R. Civ. P. 20(a)) (emphasis in original). There are common ties between Plaintiffs' claims sufficient to support joinder. The retaliation claims are interrelated with the discriminatory acts; Plaintiffs allege that the retaliatory acts were in response to Victoria filing grievances and Kenneth's inability to convince her to drop her complaints. The alleged acts are sufficiently intertwined with respect to both Plaintiffs.

Furthermore, Defendants have not demonstrated how severance would facilitate settlement or serve the interests of judicial economy. Defendants argue that because there are

5

numerous and distinct claims, resolution would be facilitated by severance. The Court does not agree. Due to the interrelatedness of the discriminatory and retaliatory acts, much of the evidence and witness testimony will overlap. Additionally, because the same parties are involved in all claims, joinder promotes efficiency and will reduce delay, inconvenience, and expense to the parties. The claims at issue are not so separate and distinct such that joinder would constitute injustice. Joinder actually serves the interest of judicial economy in this case.

Although some of the retaliatory acts described only involve one Plaintiff, the claims are logically connected and demonstrate a pattern or series of occurrences. Additionally, the Court can economically and expeditiously hear both Plaintiffs' claims in one trial. Therefore, the Court finds that joinder is proper. To the extent that there may be any jury confusion, a reasonable jury can segregate the evidence and separate the claims.

The Motions to Sever are therefore denied.


*II. Motions for Partial Dismissal*

Defendants Foster and Hammond City also filed a Motion for Partial Dismissal of First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 44.) Defendant Devall filed the same Motion. (Doc. 46.)

a) Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is plausible on its face when the

6

pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 578. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

b) <u>Analysis</u>

Defendants Hammond City and Foster move the Court to dismiss Plaintiffs' Title VII, ADEA, and La. R.S. § 23:967 claims against Foster, (Doc. 44), and Defendant Devall moves the Court to dismiss the same claims against him. (Doc. 46.) Defendants argue that none of the statutes provides an employee cause of action against a non-employer. Plaintiffs state in their Opposition that they have only sued the City of Hammond, and not Foster or Devall, as their employer under these statutes. Accordingly, any claims under Title VII, the ADEA, or La R.S. § 23:967 against Foster and Devall are dismissed, and these portions of Defendants' Motions are granted as unopposed.

Defendants also move to dismiss all of Plaintiffs' La. R.S. § 23:967 that arose prior to July

28, 2010 as time-barred.[1] Louisiana Revised Statute Section 23:967 provides, in relevant part, that:

> An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law: (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law. . . . For the purposes of this Section, . . . '[r]eprisal] includes firing, layoff, loss of benefits, or any discriminatory action the court finds was taken as a result of an action by the employee that is protected under Subsection A of this Section.
>
> La. R.S. § 23:967 (West 2012).

Defendants' argue that Louisiana courts apply a one-year prescriptive period to claims under La. R.S. 23:967 and that claims under La. R.S. [§] 23:967 prescribe one year from the date when the plaintiff knew of the violation. *See Price v. PCS Nitrogen Fertilizer, L.P.*, No. 03-153, 2010 WL 1005181, at *3 (M.D. La., March 15, 2010). Plaintiffs, however, allege that the continuing tort doctrine applies in this case and, therefore, the claims are not time-barred.

"[W]hen tortious conduct and resulting damages are of a continuing nature, prescription does not begin until the conduct causing the damages is abated. . . . The continuous nature of the conduct complained of has the dual effect of rendering such conduct tortious and of delaying the commencement of prescription." *Id.* The Fifth Circuit has used the "continuing violation doctrine" and the "continuing tort doctrine" interchangeably. *See, e.g., Davis v. Louisiana State University*, 876 F.2d 412, 413 (5th Cir. 1989).

> Although there is no definitive standard for what constitutes a continuing violation, the plaintiff . . . 'must show an organized scheme leading to and including a present violation, such that it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, that gives rise to the cause of action.'

*Culotta v. Sodexo Remote Sites Partnership*, No. 10-2946, 2011 WL 2144490, at *3 (E.D. La. May 31,

---

[1]Plaintiffs filed suit on July 28, 2011.  (Doc. 1.)

2011) (quoting *Huckabay v. Moore*, 142 F.3d 233, 239 (5th Cir. 1998)).

"[C]ourts often consider such factors as subject matter, frequency, and permanence of conduct" when determining what constitutes a continuing tort. *Blacher v. BASF Corp.*, No. 98-30790, 1999 WL 197152, at *2 (5th Cir. 1999). "Thus, if the alleged acts involve the same type of discrimination, are recurring, and lack the finality that would ordinarily trigger a plaintiff's awareness of and duty to assert his rights, the plaintiff will be relieved from the burden of proving that the entire violation occurred within the actionable period." *Id.* Therefore, "[i]f the plaintiff can show a series of related acts, one or more of which fall within the limitations period, his action will be timely." *Id.*

Notably, the Fifth Circuit has not yet ruled on whether or not the continuing tort doctrine applies to violations of La. R.S. § 23:967. In *Singleton v. RPM Pizza*, however, the court stated that "[t]o the extent that [the] plaintiffs . . . alleged a pattern of on-going, repeated reprisal under [La. R.S. § 23:967], [the court could] see no reason why the continuing violation doctrine might not apply." *Singleton v. RPM Pizza, Inc.*, No. 03-2219, 2004 WL 2216530, at *6 (E.D. La. Sept. 30, 2004).

Plaintiffs contend that the actions taken and/or orchestrated by Defendants Devall and Foster, described in Paragraphs 14-104 of the First Amended Complaint, constitute reprisal in violation of La. R.S. § 23:967 and demonstrate "a continuing pattern and practice of discrimination/retaliation by Devall and Foster, which commenced in 2008 and continued through the filing of the Complaint (¶ 100, First Amended Complaint)." (Doc. 48.) Taking all of the allegations in Plaintiffs' Complaint as true, the Court finds that there are sufficient allegations to show that there was a continuing violation.

On October 7, 2008, Kenneth filed a formal complaint with the Hammond Fire and Police Civil Service Board ("Board") that he believed Kevin Hauck had been illegally elected to a position on the Board.  (Doc. 33, ¶15.)  As a result of this action, Plaintiffs then present facts that describe Devall's alleged discriminatory and retaliatory acts against Plaintiffs with the Mayor and City's support behind these actions.  Paragraphs 15 through 56 of Plaintiffs Complaint details events that occurred prior to July 28, 2010.  Even if the allegations in these paragraphs establish that a specific injury occurred that started prescription running, the Court feels that the allegations contained in the remaining paragraphs of Plaintiffs' Complaint are sufficient to show that Defendant's actions were of a "continuous, cumulative, [or] synergistic nature."  *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Bustamento v. J.D. Tucker*, 607 So.2d 532, 541 (La.1992).  Thus, taking these Plaintiffs' allegations as truth, the Court finds that the Defendants' actions had not abated by July 28, 2010.

Accordingly, Defendants' Motions for Partial Dismissal as to the timeliness of Plaintiffs' claims under La. R.S. § 23:967 are denied.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motions to Sever (Docs. 43, 45) are **DENIED**.  **IT IS FURTHER ORDERED** that Defendants' Motions for Partial Dismissal (Docs. 44, 46) are **GRANTED IN PART** as to the claims against individual Defendants under Title VII, the ADEA, and La. R.S. § 23:967, and  **DENIED IN PART** at this time with respect to whether any claims under La. R.S. § 23:967 are time-barred.

New Orleans, Louisiana, this 5th day of July, 2012.

**JUDGE JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT**