**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **VICTORIA A. CORKERN, ET AL.** | * | **CIVIL ACTION NO. 11-1828** |
| **Plaintiffs** | * | |
| | * | **SECTION: H** |
| | * | **JUDGE JANE TRICHE MILAZZO** |
| **VERSUS** | * | |
| | * | |
| | * | **MAGISTRATE: 5** |
| **HAMMOND CITY, ET AL.** | * | **MAG. ALMA CHASEZ** |
| | * | |
| **Defendants** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER AND REASONS

Before the Court is Defendant Mayson Foster's Motion for Summary Judgment. (Doc. 63.)

For the following reasons, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiffs Victoria and Kenneth Corkern are married and jointly filed suit on July 28, 2011

against their employer, the City of Hammond ("City"), Hammond Police Chief Roddy Devall

("Devall"), and the Mayor of the City of Hammond, Mayson Foster ("Foster"). Plaintiffs allege gender and age discrimination, retaliation, violations of their constitutional right to freedom of expression, and reprisal in violation of Louisiana Revised Statute Section 23:967.

Victoria Corkern ("Victoria") and Kenneth Corkern ("Kenneth") are both employed by the City of Hammond, Louisiana Police Department. Victoria serves as a Lieutenant and Kenneth serves as the Assistant Chief of Police.  (Doc. 33  1-2.) Plaintiffs allege that Chief Devall instituted a series of retaliatory acts against them after Kenneth filed a formal complaint with the Hammond Fire and Police Civil Service Board ("Board") on October 7, 2008. (*Id.* at  15-16.)  Plaintiffs allege that the Mayor and City supported this systematic pattern and practice of illegal discrimination.  (*Id.* at 95.)

All Defendants filed Motions to Sever, which were denied as moot after the First Amended Complaint was filed on November 8, 2011. (Doc. 33.) Defendants City and Foster then filed a Motion to Sever Claims Alleged in First Amended Complaint (Doc. 43), and also filed a Motion for Partial Dismissal of First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on December 6, 2011, (Doc. 44). Defendant Devall filed a separate Motion to Sever Claims Alleged in the First Amended Complaint and a separate Motion for Partial Dismissal of First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)  on December 7, 2011. (Doc. 47.)

Both Motions to Sever were denied on July 5, 2012. Defendants' Motions for Partial Dismissal were granted in part regarding claims against individual defendants under Title VII, the ADEA, and Louisiana Revised Statute Section 23:967, and denied in part with respect to whether

any claims under La. R.S. § 23:967 were time-barred.  (Doc. 51.)

Defendant Foster moved for summary judgment on Plaintiffs' state and federal claims for his alleged violation of their right to freedom of expression, and alternatively moved for partial summary judgment on their individual capacity claims against him on December 31, 2012. (Doc. 63-1.)

## LEGAL STANDARD

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (2012). A genuine issue of fact exists only "[i]f the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the nonmovant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528(5th Cir.1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th

Cir.1995). Summary judgment is appropriate if the non-movant "[f]ails to make a showing sufficient to establish the existence of an element essential to that party's case...." *Celotex Corp. v. Catrett*, 477 U.S. 317,324 (1986). "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial. *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293,301 (5th Cir.2004) (internal citations omitted). "We do not ... in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382,394 (5th Cir.2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069,1075 (5th Cir.1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366F.Supp.2d 425, 430 (E.D.La.2005).

## LAW AND ANALYSIS

### I.    *The Alleged Gag Order*

Defendant Foster seeks summary judgment on Plaintiffs' state and federal claims surrounding the gag order and its alleged violation of their freedom of expression. He asserts that the uncontroverted summary judgment evidence shows that he neither issued nor approved any order prohibiting or restricting plaintiff's from discussing their employment situation with anyone

-4-

else.  Foster provides an affidavit in which he denies ever issuing a gag order.  Plaintiffs provide an unofficial transcript of an administrative proceeding.[1]  The transcript reveals that Foster did prohibit and/or restrict Plaintiffs from discussing their employment situation.

The only evidence Defendant has provided in support of his motion is an affidavit in which he denies Plaintiffs' allegations that he issued or condoned a gag order regarding the details of the IA investigation.  It is beyond dispute that  self-serving affidavits, without more, cannot defeat a properly supported motion for summary judgment. *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir.2005); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir.2001).  Because the record before the Court reveals a genuine issue of fact as to whether Foster issued a gag order, summary judgment must be denied.

II.    *Qualified Immunity: Right of Intimate Association*

   A.    <u>Arguments of the Parties</u>

Defendant argues that he is entitled to qualified immunity regarding the alleged issuance of a gag order in relation to Kenneth's claims. Defendant asserts that the right to be free of retaliation based on your spouse's speech is not a clearly established right, and he is therefore immune from suit regarding any alleged violation of such right.

Plaintiff argues that Defendant violated Kenneth's First Amendment rights of Free Speech

---

[1] While it wasn't an official transcript, the Court finds that the evidence submitted is sufficiently reliable to raise a material issue of fact.

and Association by the issuing a gag order, which constituted (a) an illegal prior restraint on speech, (b) retaliation for exercising his right to free speech to comment on matters of public concern and (c) interference with his constitutional right of association.

B.    Analysis

Section 1983 provides a cause of action for individuals who have been "deprived of any rights, privileges, or immunities secured by the Constitution and the laws" of the United States by a person or entity acting under the color of state law. 42 U.S.C. § 1983. Government officials who perform discretionary functions are generally shielded from civil liability unless their conduct violates clearly established statutory or constitutional rights. *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (quotations omitted).

In assessing whether there is a clearly established statutory or constitutional right, courts should look to whether the official's actions were objectively reasonable in light of legal rules that were clearly established at the time the official acted. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("[t]he right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right"). Thus, the salient question is whether the state of the law at the time the official acted gave the official fair warning that his or her alleged treatment of the plaintiff was unconstitutional. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).  This inquiry is guided by whether there was binding precedent clearly establishing the right.  *See Williams v. Ballard*, 466 F.3d 330, 333 (5th Cir. 2006).  If there is an absence of binding precedent, courts must "[d]etermine if other

-6-

decisions at the time showed 'consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful.'"  *Id.* (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 329 (5th Cir. 2002)). When resorting to the law of other circuits, a court should find a "consensus of cases of persuasive authority" recognizing a right before reaching the conclusion that "no reasonable officer would have believed that his or her actions were lawful." *McClendon*, 305 F.3d at 329.  In the end, not only must the courts have recognized the right, they must have also define the right with a level of clarity sufficient to enable an officer to assess the lawfulness of his conduct. *Id.* at 331.

In *McClendon*, the Fifth Circuit held that a plaintiff's "state-created danger theory" was not clearly established law, even though a number of other circuits had recognized the theory.  *Id.* at 332.  Because the circuits were not in agreement about the specific nature of the right, the Fifth Circuit held that the public official was entitled to qualified immunity because there was no fair warning that the official's conduct violated a right.  *Id.* at 333. The court reasoned that the "inconsistencies and uncertainties within the alleged consensus of other circuits could not have allowed an officer within the Fifth Circuit to assess whether his or her conduct violated the right in the absence of explicit guidance." *Id.*

Plaintiff cites one case, *Adler v. Pataki*, in which the Second Circuit recognized an individual's right to be free from retaliation for the conduct of their spouse. 185 F.3d 35 (2d Cir 1999). District courts within the Second Circuit have recognized the right under this holding, but

no other circuit court has recognized it, including the Fifth Circuit.  The Court finds that this hardly

constitutes "a consensus of cases of persuasive authority" that allow this court determine that the

right to be free of retaliation for the conduct of one's spouse.  Accordingly, since there is no binding

or persuasive authority that recognizes the right to be free from retaliation based on the conduct

of one's spouse, the state of the law in July of 2010 was not such that it would have given

Defendant "fair warning that his alleged treatment of the plaintiff was unconstitutional." *Hope*, 536

U.S. at 730. Since the right Plaintiff alleges Defendant violated was not clearly established in July

of 2010, Foster is entitled to qualified immunity.

      Therefore, the Motion for Summary Judgment is granted as to Kenneth Corkern's claims

against Foster in his individual capacity, as Foster is entitled to qualified immunity.[2]

---

[2]

The Court does not decide the issues of whether the alleged gag order constituted an illegal prior restraint on speech and whether it infringed on Plaintiff's right to intimate association. This court does not address issues that were raised for the first time in an opposition to a motion for summary judgment. See *S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, CIV.A. 06-9170, 2013 WL 392582, at *16 (E.D. La. Jan. 31, 2013) (when an issue was raised for the first time in an opposition the Court found that additional briefing by the parties was appropriate). Since the issue of whether these theories should be considered new claims was raised for the first time in Plaintiff's opposition to Defendant's motion and the parties have not sufficiently briefed the issue.

**CONCLUSION**

Before the Court is Defendant Mayson Foster's Motion for Summary Judgment (Doc. 63).

For the following reasons, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

New Orleans, Louisiana on this 14th day of August, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**